**Kevin FISHER, Appellant,**

v.

**LEE AND CHANG PARTNERSHIP, Realand USA, Inc. and Allen M. Wu, Appellees.**

**No. 01–99–00929–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 20, 2000.

---

James R. Jones, Houston, for appellant.

Jeffery A. Addicks, Nicholas E. Zito, Houston, for appellees.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

MURRY B. COHEN, Justice.

This is an appeal from a take-nothing summary judgment granted in a premises liability case, pursuant to sec. 95.003 of the Texas Civil Practices and Remedies Code. We affirm.

### Facts

On December 4, 1996, appellant fell from a ladder while working on a Videoland store, located on land owned by Lee & Chang Partnership ("Lee"). Appellant was employed by Nicole Electric, a contractor hired by Videoland to work on roof-mounted air conditioning units. Appellant sued Lee, the property owner, and Realand USA, Inc. ("Realand") and Allen Wu, the property managers.

Lee won a traditional summary judgment, pursuant to sec. 95.003. *See* TEX.R. CIV. P. 166a(c). Realand and Wu then moved for summary judgment under both traditional and no-evidence standards, which was granted. *See* TEX.R. CIV. P. 166a(c), (i).

Appellees assert that under sec. 95.003, a property owner is not liable for injury unless it exercised or retained control over the contractor's work and knew of the danger, and they did not do so. Appellant contends that sec. 95.003 does not apply to these facts, and further, a fact issue exists about whether appellees had control and failed to warn of the defect.

### Analysis

In the first through third points of error, appellant contends the trial court erred in granting Lee's summary judgment.

### A. The Scope of Sections 95.002–.003

Appellees contend that sec. 95.003 shields them from liability for appellant's injuries. Appellant contends that sec. 95.003 does not apply to these facts. Section 95.003 provides:

> A property owner is not liable for personal injury, death or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>
> (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and
>
> (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE ANN. § 95.003 (1999).

The scope of Chapter 95 is governed by sec. 95.002:

> This chapter applies only to a claim:
>
> (1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and
>
> (2) that arises from the condition or use of an improvement to real proper-

ty where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

TEX. CIV. PRAC. & REM.CODE ANN. § 95.002 (1999). Appellant contends that under sec. 95.002(2), Chapter 95 would apply only if he had been injured by the very improvement he had worked on, *i.e.,* the air conditioner.

 We will read secs. 95.002 and 95.003 together to effectuate their purposes and examine them as a whole, rather than by isolated portions taken out of context. *See Hammond v. City of Dallas,* 712 S.W.2d 496, 498 (Tex.1986). We will seek to ascertain and follow the legislature's intent. *See Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982). If the statute is susceptible to two constructions, one of which will effectuate and the other defeat legislative intent, we will settle upon the former construction. *Bernard Hanyard Enter. v. McBeath,* 663 S.W.2d 639, 643 (Tex.App.—Austin 1983, writ ref'd n.r.e.). The legislature's intent is determined from the plain and common meaning of its words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). Because no cases have construed Chapter 95, we will examine both its language and its legislative history.

## B. The Statute's Language

Sec. 95.002 clarifies the scope of sec. 95.003. It provides that the statute pertains to personal injuries "that arise from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates or modifies the improvement."

 Sec. 95.003 provides that a property owner is not liable for "... injury ... arising from the failure to provide a safe workplace...." The ladder was an unsafe part of appellant's workplace, and his inju-

ry arose from the failure to provide a safe workplace. The statute does not require that the defective condition be the object of the contractor's work.[1] Therefore, by affording the statute its common meaning, secs. 95.002 and 95.003 are consistent and may both be read to provide protection from liability if the injury arose from the contractor's work on an improvement to real property. Here, it did. Appellant used the ladder to reach the roof to perform his job, the repair of air conditioning units.

## C. The Statute's History

Chapter 95 was passed by the 74th Legislature as part of Senate Bill 28 in order to change tort law regarding joint and several liability. Rep. Combs, a bill sponsor, stated its purpose:

> [I]t recognizes the fact that there are a number of property owners who do not exercise control over construction projects beyond simply hiring someone to do it, and you do not have any knowledge of any defect on the property. In that case, there is no ·liability to the property owner for personal injury, death, or property damage to a contractor, subcontractor, or an employee of those who are working on that piece of property who constructs, repairs, etc. an improvement on there.

Debate on S.B. 28 on the floor of the House of Representatives, 74th Leg., R.S. Trans. II–152 (May 3, 1995) (statement of Rep. Combs) (attached as an appendix to Realand and Wu's brief). Contrary to appellant's contention, nothing in the legislative history indicates the statute applies only if the contractor was injured by the very object he was repairing.

Reps. Combs and Turner discussed a hypothetical contractor injured when scaffolding at Phillips Petroleum Company col-

---

1. Appellant relies on *Coastal Marine Service of Texas, Inc. v. Lawrence,* 988 S.W.2d 223 (Tex. 1999), but the accident there occurred before the effective date of Chapter 95. This accident occurred after September 1, 1996, the effective date of Chapter 95. Therefore, *Coastal Marine Service* does not control.

lapsed as he used it to reach his work site. Rep. Combs explained that if Phillips Petroleum exercised control over the contractor's work and knew the scaffolding was bad, then it would be liable. In this example, the contractor was not working on the defective scaffolding itself, yet, according to Rep. Combs, the statute was intended to apply. Debate on S.B. 28 on the floor of the House of Representatives, 74th Leg., R.S. Trans. II–153 (May 3, 1995) (statement of Rep. Combs).

Statements by the bill's co-sponsor, Rep. Junell, give further support:

> If there is an incident that is not related to the work being done by the contractor and subcontractor, then this chapter does not apply to that. So if you have an explosion that's not related to anything that the contractor and subcontractor are doing for their purpose of being there, then this chapter would not apply.

Debate on S.B. 28 on the floor of the House of Representatives, 74th Leg., R.S. Trans. II–157–58 (May 3, 1995) (statement of Rep. Junell). Rep. Junell stated that the injury-producing defect must relate to the contractor's work for Chapter 95's protections to apply. He did not suggest, as does appellant, that the injury-producing defect must be the object of the contractor's work.

Rep. Eiland later asked about contractors injured by a chemical release at Phillips Petroleum Company. Rep. Junell responded that Chapter 95 did not apply to an incident that was "not related to the work being done by the contractor ...". Debate on S.B. 28 on the floor of the House of Representatives, 74th Leg., R.S. Trans. II–157–58 (May 3, 1995) (statements of Reps. Eiland and Junell). By implication, the statute would apply to injuries related to the contractor's work.

### D. Conclusion

The legislative history supports the conclusion that section 95.003 protects appel-

lees. The scaffolding example, used by the legislators in discussing the applicability of the statute, described a tool used for construction, not an improvement that was being repaired or modified itself. The ladder here is like the scaffold in the legislative history. It provided appellant a means to reach his work site. It was not the object of his work. Nevertheless, appellant's injuries arose from "the failure to provide a safe workplace." *See* Tex. Civ. Prac. & Rem.Code Ann. § 95.003.

We conclude that both the plain language and the legislative history of Chapter 95 are contrary to appellant's contention that the premises defect must exist within the specific object the contractor is repairing.

■ Uncontroverted evidence showed that Lee did not know of the defect. Nicole Electric employees, including appellant, knew of the danger and used the ladder anyway. Pursuant to Chapter 95, Lee owed a duty to warn only of known dangers. Therefore, Lee did not violate any duty to warn appellant. *See* Tex. Civ. Prac. & Rem.Code Ann. § 95.003(2).

We overrule the first, second, and third points of error.

■ In the fourth through seventh points of error, appellant contends that Realand and Wu were not entitled to summary judgment based on sec. 95.003 because sec. 95.003 protects only property owners and no evidence showed Realand or Wu owned this property.

Connie Lee, agent of Lee & Chang Partnership, testified the partnership owned the property, and that Wu, who was Realand's agent, looked after the property for her, although they had no formal agreement. Appellant contends that Realand and Wu, Realand's agent, cannot claim the protection of sec. 95.003 because they were not "property owners," which is the class protected by the statute.[2] We disagree.

2. "Property owner" is "a person or entity that owns real property primarily used for com-

■ Appellant alleged in his pleadings that Wu and Realand were agents, representatives, or employees of Lee, the owner. As such, they would also be protected by sec. 95.003. We hold that sec. 95.003 applies to property owners and also to their agents who oversee their properties. *See Berry Prop. Management, Inc. v. Bliskey,* 850 S.W.2d 644, 658 (Tex.App.—Corpus Christi 1993, writ granted, order withdrawn, dismissed by agreement) (construing the term "landlord" in the Texas Property Code also to encompass a property manager).

Under sec. 95.003, recovery is not permitted unless the owner exercised or retained control over the work and knew of the dangerous condition. In his brief, appellant states that he does not contend that Realand or Wu retained or exercised control. Appellant presented no evidence that Realand or Wu knew the ladder was dangerous.

■ Under the no-evidence summary judgment standard, "the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding." *Galveston Newspapers, Inc. v. Norris,* 981 S.W.2d 797, 799 (Tex.App.—Houston [1st Dist.] 1998, pet.denied). Appellant failed to carry his burden to produce evidence of either control or knowledge.

We overrule the fourth through seventh points of error.

We affirm the judgment.

mercial or business purposes." Tex. Civ. Prac. & Rem.Code Ann. § 95.001(3).