Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00762-CV

____________

 

GEORGE N.
ASHABRANNER, JR., Appellant

 

V.

 

HYDROCHEM
INDUSTRIAL SERVICES, INC. and PHILLIPS PETROLEUM COMPANY, Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 00-14691

 



 

M E M O R A N D U M   O P I N I O N








George N. Ashabranner, Jr. (AAshabranner@) appeals from the
trial court=s granting of a no-evidence summary
judgment motion in favor of appellee, Phillips Petroleum Company (APhillips@).  Ashabranner brought suit against HydroChem
Industrial Services, Inc. (AHydroChem@) and Phillips
after tripping over a submerged gasket at a Phillips-owned refinerry.  Phillips filed a no-evidence summary judgment
motion based on section 95.003 of the Civil Practice and Remedies Code.  Summary judgment was granted in favor of
Phillips, and Ashabranner settled his suit with HydroChem.  HydroChem has not perfected an appeal.  We affirm.

Ashabranner was an employee of Serv-Tech,
Inc. (AServ-Tech@).  Phillips employed Serv-Tech to perform work
at its refinery.  The parties executed a
contract that governed their relationship. 
Under the terms of the contract, Serv-Tech performed all work as an
independent contractor and was Asolely responsible
for the work safety and industrial hygiene of its agents and employees.@  Likewise, the contract required that
Serv-Tech and its employees comply with safety regulations and report accidents
or Anear misses@ to Phillips.  Phillips reserved the right to inspect
Serv-Tech=s work product.    

On the day of the accident, Ashabranner
was working with another Serv-Tech employee on a heat exchanger to replace a
gasket.  Gasket replacement is part of a
larger turnaround process at the refinery where worn equipment is replaced.  Also part of the turnaround process is Ahydroblasting,@ which is a high
pressure wash of refinery equipment. 
HydroChem, another independent contractor, was hydroblasting in the area
where Ashabranner was working. 
Presumably, it was the hydroblasting that created a layer of sludge in
the area where Ashabranner was working. 
Ashabranner subsequently tripped over an old gasket hidden in the
sludge.     








A party may move for a Ano‑evidence@ summary
judgment.  See Tex. R. Civ. P.  166a(I). 
Such a motion asserts there is no evidence of one or more essential
elements of claims upon which the opposing party would have the burden of proof
at trial.  See id.;  McCombs v. Children's Med. Ctr., 1
S.W.3d 256, 258 (Tex. App.CTexarkana 1999, no
pet.).  Unlike a movant for traditional
summary judgment, a movant for a no‑evidence summary judgment does not
bear the burden of establishing a right to judgment by proving each claim or
defense.  See Holmstrom v. Lee,
26 S.W.3d 526, 530 (Tex.
App.CAustin 2000, no pet.).   A no‑evidence summary judgment is
essentially a pretrial directed verdict, to which we apply the same legal
sufficiency standard of review.  See
id.;  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet.
denied).  A no‑evidence summary
judgment is properly granted if the nonmovant fails to produce more than a
scintilla of probative evidence raising a genuine issue of fact as to an
essential element of a claim on which the nonmovant would have the burden of
proof at trial.  See Tex. R. Civ. P. 166a(I);  Holmstrom, 26 S.W.3d at 530.

Generally, a landowner is not liable for
injuries arising out of an independent contractor=s actions.  See Redinger v. Living, 689 S.W.2d 415, 418 (Tex.
1985).  However, a landowner is
susceptible to liability if he exercises some control over the manner in which
the independent contractor=s work is
performed.   See id. (adopting Restatement (Second) of Torts ' 414 (1965)).  Two requirements under section 95.003 of the Civil Practice
and Remedies Code must be met before a landowner can be held liable for
injuries sustained by an independent contractor=s employee.  First, the landowner must have more than a
general right to order workers to stop or start, a right to inspect, or right
to receive reports.  Tex. Civ. Prac. & Rem. Code Ann. ' 95.003(1) (Vernon 1997); see also
Koch Refining Co. v. Chapa, 11 S.W.3d 153, 155 (Tex. 1999) (per curiam) (citing Restatement (Second) of Torts ' 414 (1965)).  Second, the land owner must have Aactual knowledge
of the danger or condition resulting in the personal injury . . . and failed to
adequately warn.@  Tex. Civ. Prac. & Rem. Code Ann. ' 95.003 (Vernon
1997); see also Fisher v. Lee & Chang P=ship, 16 S.W.3d 198, 202 (Tex. App.CHouston [1st Dist.] 2000, pet.
denied).  

After reviewing the summary judgment
record, we agree there is no evidence to show control or actual knowledge as
required by section 95.003.  We address
the issue of control first.  Control may
be proven in two ways: (1) a contractual right of control or (2) an exercise of
actual control.  Dow Chem. Co. v.
Bright, 89 S.W.3d 602, 606 (Tex. 2002).  
A right of control is contingent upon the ability to control the means,
methods, or details of Ashabranner=s work.  Id. 
The question as to whether or not there is a contractual right of
control is generally a question of law for the court.  Id. 









The contract between Phillips and Serv-Tech does not afford
Phillips a right of control sufficient to make Phillips liable for Ashabranner=s injuries under
section 95.003.  The contract provides: 

INDEPENDENT CONTRACTOR RELATIONSHIP

[Serv-Tech] shall perform all work as an independent
contractor.  Neither [Serv-Tech] nor its
agents or employees shall be the agents or employees of [Phillips]. [Serv-Tech]
shall be fully responsible for and shall have exclusive direction and control
of its agents, employees, and subcontractors and shall control the manner and
method of carrying out operations.

Clearly, no right of control is created through the
contract.  However, Ashabranner argues
that Phillips=s work-permit system afforded actual
control.    

The Texas Supreme Court addressed the
effect of safety regulations in Hoechst-Celanese Corp. v. Mendez, 967 S.W.2d 354 (Tex.
1998).  There the court explained that a
landowner will not be susceptible to liability for promulgating safety
regulations and requiring compliance with such regulations.  Id. at 357-58.  Promoting safety guidelines does Anot impose an
unqualified duty of care@ on Phillips to ensure that Serv-Tech
employees act safely.  Id.  A landowner has a narrow duty to ensure that
its safety requirements and procedures do not Aunreasonably
increase, rather than decrease, the probability and severity of injury.@  Id. at 358.   








The supreme court revisited the issue of
safety regulations in Dow Chemical Co. v. Bright by addressing the
effect of safe-work permits.  89 S.W.3d at 607-09.  The defendant=s policies
required its safety representative to conduct an on-site inspection and pre-job
safety conference with the independent contractor=s employees.  Id. at 608.   In his suit for personal injuries, the
plaintiff argued that the defendant landowner should have refused to issue a
safe-work permit.  Id.  In refusing to assign liability on the basis
of the safe-work permit system, the supreme court stated, AThe fact that
[defendant] implemented a safe work permit system as an attempt at creating a
safer construction site did not unreasonably increase the probability and
severity of [plaintiff=s injury].@  Id. 
Moreover, the work-permit system was not evidence that the defendant controlled
the manner and means of plaintiff=s work. Id.  The right afforded to the defendant under the
work-permit system was the right to allow work to begin.  Id. at 609.

We follow the supreme court=s analysis in
rejecting Ashabranner=s claims implicating Phillips=s work-permit
system.  The crux of Ashabranner=s argument is that
Phillips should never have issued safe work permits in areas containing sludge
because of the danger that debris might be concealed.[1]  However, this is no evidence that Phillips
was controlling the manner and means of the work of Serv-Tech employees.  See id. at 608.  Following Dow Chemical, the
work-permit authorization merely provides for the right to order the
commencement of work.  Id. at
609.  Even if we were to indulge
Ashabranner in his argument that the work-permit system afforded Phillips a
right of control, there is no evidence that the permit system increased the
risk of harm to Serv-Tech employees.  For
example, this is not an instance where the defendant approved or prescribed a
particular type of safety device that was the cause of plaintiff=s injuries.  See Lee Lewis Constr., Inc. v. Harrison,
70 S.W.3d 778, 784 (Tex. 2001) (describing a situation where the defendant had
approved the fall-protection system that ultimately failed).  








Likewise, we agree with Phillips that
there was no evidence that Phillips had actual knowledge of the gasket that
Ashabranner tripped over.  See Fisher,
16 S.W.3d at 202.  Ashabranner testified
via affidavit that neither he nor his partner removed the old gasket.  The evidence in the record establishes that
the gasket would not have been removed by a Phillips=s employeeCthe gasket would
have been removed by either HydroChem or Serv-Tech employees.  Before the new gasket was fitted, the work
site was inspected by a Phillips=s employee.  Case Duggan, the equipment reliability
inspector, could not recall whether there was sludge at the heat exchanger at
issue, could not recall actually seeing the removed gasket, and did not trip
over the old gasket.  Duggan testified
that under the refinery=s housekeeping rules it was the
responsibility of whoever removed the gasket to eliminate the tripping
hazard.  

Because there is no evidence that Phillips
exercised control over Serv-Tech employees or had actual knowledge of the
gasket as required under section 95.003, the appellant=s sole issue is
overruled.  Accordingly, the trial court=s judgment is
affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 30, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Before workers can gain access to a
particular area of the refinery, the lead worker goes to a Astillman@ to request a safe work
checklist.  The Phillips=s operator goes through a  safe checklist assigning a Ayes,@ Ano,@ or Anot applicable@ to each element on the list.  If there is a Ano,@ special permission must be granted
before workers will be allowed access. Once approved,  a member of Phillips=s operational department does a Awalk-through@ to the area to identify the
equipment to be worked on.  Sometimes,
the contractor would be allowed to go to the site to see what work needed to be
done.  However, no work could begin until
Phillips gave final approval.