Opinion issued June 23, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00744-CV
____________

EBODIO RUEDA, Appellant 

V.

ANNE AND CLIFFORD PASCHAL, INDIVIDUALLY AND D/B/A
COUNTRY HEARTS RANCH, Appellees




On Appeal from the 113th District Court of 
  Harris County, Texas
Trial Court Cause No. 2002-26916A 




O P I N I O N
          This is an appeal of a summary judgment rendered in favor of appellees, Ann
and Clifford Paschal. In five issues, appellant, Ebodio Rueda, contends that the trial
court erred in rendering a no-evidence summary judgment for appellees because the
Paschals (1) had control over the work performed and had actual knowledge of the
“danger or condition” resulting in appellant’s injury, (2) did not invoke the entirety
of section 95.003 in their no-evidence motion for summary judgment, (3) did not
prove each element of their affirmative defense under section 95.003, and (4) were
not entitled to judgment on appellant’s claim of gross negligence. We affirm.
I. FactsIn June 2002, the Paschals, who owned a ranch near Kenney, Texas, hired
contractors to assist in improvements and construction on the ranch. One of the
contractors, Bumpass Builders, Inc., hired a subcontractor, Jose M. Ramirez. 
Ramirez then hired several workers, including appellant. 
          At the Paschals’ ranch, appellant was instructed by Ramirez to get some tools
from the basement, where the tools were stored and some work was being done. To
climb down into the basement, appellant used a wooden ladder furnished by the
Paschals. Appellant climbed up the ladder after retrieving some tools, but as he did
so, the ladder slipped, and appellant fell, landing on the ladder and the concrete floor
and sustaining severe injuries. 
           Appellant brought suit against several parties, including the Paschals. In
January 2004, the Paschals filed a no-evidence motion for summary judgment,
asserting that appellant had not produced any evidence of the elements required to
establish the liability of property owners under section 95.003 of the Civil Practice
and Remedies Code.


 The Paschals specifically asserted that there was no evidence
that (1) they exercised some control over appellant’s work or (2) they had knowledge
of the danger that resulted in appellant’s injury and, therefore, they could not be held
liable for appellant’s injury. 
          The trial court granted the no-evidence motion for summary judgment and,
upon a motion by the Paschals, granted a severance of appellant’s claims against the
Paschals. 
II. Discussion
          Section 95.003 of the Texas Civil Practice and Remedies Code provides as
follows:
A property owner is not liable for personal injury, death, or
property damage to a contractor, subcontractor, or an employee of a
contractor or subcontractor who constructs, repairs, renovates, or
modifies an improvement to real property, including personal injury,
death, or property damage arising from the failure to provide a safe
workplace unless: 
 
(1) the property owner exercises or retains some control over the
manner in which the work is performed, other than the right to order the
work to start or stop or to inspect progress or receive reports; and
 
(2) the property owner had actual knowledge of the danger or
condition resulting in the personal injury, death, or property damage and
failed to adequately warn. 

Tex. Civ. Prac. & Rem. Code Ann. § 95.003 (Vernon 2005). 

A. Standard of Review
          After an adequate time for discovery, the party without the burden of proof
may, without presenting evidence, move for summary judgment on the ground that
there is no evidence to support an essential element of the nonmovant’s claim or
defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for
which there is no evidence. Id.; Johnson v. Brewer and Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence that raises a genuine issue of material fact on
the challenged elements. Tex. R. Civ. P. 166a(i); Southwestern Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002).
          We review the evidence in the light most favorable to the party against whom
the no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197. If the
nonmovant brings forward more than a scintilla of probative evidence that raises a
genuine issue of material fact, then a no-evidence summary judgment is not proper. 
 Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.]
1999, no pet.).  
B. Actual Knowledge of the Danger or Condition
          In the second part of his first issue on appeal, appellant contends that the trial
court erred in granting the motion for summary judgment because there was “a
genuine issue of material fact as to whether the Paschals . . . had actual knowledge
of the danger that resulted in appellant’s injuries.” Appellant does not direct us to
any evidence establishing that the Paschals’ knew about any danger. Instead,
appellant contends that the Paschals’ knowledge of the existence of the ladder and its
use by the workers to access the basement is enough to raise “a genuine issue of
material fact as to whether or not the Paschals had actual knowledge of the condition
(the ladder in question) that resulted in Mr. Rueda’s serious personal injuries.” 
          We first note that a ladder is not a condition; a ladder may be in a condition,
i.e., new, old, sturdy, unsteady. A condition may or may not be dangerous. Under
section 95.003, a property owner has a duty to warn only if he knows of a dangerous
condition. See Tex. Civ. Prac. & Rem. Code § 95.003. Therefore, knowledge of the
existence of the ladder is not knowledge of a dangerous condition so as to impose
section 95.003 liability on a property owner. 
          In Fisher v. Lee & Chang Partnership, we held that, although a contractor was
injured by a defective ladder when repairing an air conditioner, the landowner was
not liable under section 95.003 because he did not know of the defect. 16 S.W.3d
198, 202 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A property owner has
the duty to warn only of known dangers. Id. 
          We overrule that portion of appellant’s first issue as it relates to the Paschals’
actual knowledge of the danger that resulted in appellant’s injuries. 
 

C. Invoking the Entirety of Section 95.003
          In his second issue, appellant contends that the trial court erred in granting the
motion for summary judgment on the ground that there was no evidence that the
Paschals had actual knowledge of the danger that resulted in appellant’s injuries
because the Paschals failed to move for summary judgment on the additional ground
that there was no evidence that the Paschals had actual knowledge of the condition
that resulted in appellant’s injuries. Appellant argues that section 95.003(2) contains
two prongs—danger and condition—and that a property owner’s knowledge of either
will subject him to liability under section 95.003. Appellant further argues that,
because the Paschals only asserted that there was no evidence that they had
knowledge of the danger that resulted in appellant’s injuries, they left unchallenged
whether they had knowledge of the condition that resulted in appellant’s injuries. 
Therefore, according to appellant, the trial court, in granting the Paschals’ motion,
rendered judgment on a ground not presented in the motion. 
          Appellant contends that he could prevail at trial by proving that the Paschals
had either actual knowledge of the danger or actual knowledge of the condition that
resulted in his injury. Appellant asserts that the statute’s disjunctive language,
“danger or condition,” supports his contention. We disagree.
          The only cases discussing the “knowledge” prong of section 95.003 use the
terms “danger,” “danger or condition,” and “dangerous condition” interchangeably. 
See Chi Energy, Inc. v. Urias, 156 S.W.3d 873, 880 (Tex. App.—El Paso 2005, pet.
filed) (finding no evidence to support “knowledge of a danger or condition” and
holding that appellants “had no actual knowledge of . . . dangerous condition”); Dyall
v. Simpson, 152 S.W.3d 688, 699, 705, 707, 709, 710 (Tex. App.—Houston [14th
Dist.] 2004, pet. filed) (referring to knowledge of “dangerous condition,” “knowledge
of the danger,” being “aware of the danger,” and second prong of statute as
“knowledge of the danger”); Fisher v. Lee, 16 S.W.3d 198, 202–03 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied) (referring to knowledge of “dangerous
condition” and knowledge that ladder was “dangerous”). We find no case referring
only to knowledge of a condition without specifying that it is a dangerous condition. 
It would be absurd to require a property owner to warn of a condition without some
knowledge that the condition is dangerous. Reading the statute in context, we view
the terms “danger” and “condition” to be synonymous. Accordingly, we hold that the
Paschals were not required to move for summary judgment on two separate bases:
that they had no knowledge of a danger and that they had no knowledge of a
condition that resulted in appellant’s injury.
          We overrule appellant’s second issue.
D. Burden of Proof
          In his third issue on appeal, appellant contends that section 95.003 is an
affirmative defense, thereby requiring the Paschals to establish all the elements of
section 95.003. Although section 95.003 has been referred to in some opinions as a
defense and as an affirmative defense, it is clear that a defendant need only establish
that chapter 95 applies to him. Under the clear language of the statute, once a
defendant has shown the applicability of chapter 95, a plaintiff has the burden to
establish both prongs of section 95.003: (1) that the property owner exercised or
retained some control over the manner in which the work was performed and (2) that
the property owner had actual knowledge of the danger and did not adequately warn
of that danger. Tex. Civ. Prac. & Rem. Code § 95.003; Francis v. Coastal Oil &
Gas Corp., 130 S.W.3d 76, 83 (Tex. App.—Houston [1st Dist] 2003, no pet.). Those
courts that have referred to the burden of proof required in establishing control and
knowledge are consistent with this reading of the statute and have placed that burden
on the plaintiff. See Dyall, 152 S.W.3d at 699 (reasoning that burden rests on
plaintiff to show both control and knowledge of danger); Kelly v. LIN Television, 27
S.W.3d 564, 567 (Tex. App.—Eastland 2000, pet. denied) (stating that plaintiff must
prove that defendant exercised some control and had actual knowledge of danger);
Fisher, 16 S.W.3d at 203 (“Appellant failed to carry his burden to produce evidence
of either control or knowledge.”). 
          We hold that, while it is the defendant’s burden to establish the applicability
of chapter 95 of the Texas Civil Practice and Remedies Code, it is the plaintiff’s
burden to prove the two prongs of section 95.003: control and knowledge.
           We overrule appellant’s third issue. 
III. Conclusion
          In light of our ruling on the Paschals’ knowledge in appellant’s first issue and
our rulings on the second and third issues, we need not consider the first part of his
first issue, which relates to whether the Paschals retained or exercised control over
the work, or the fourth issue complaining of the trial court’s implied ruling on
appellant’s gross negligence claim.


 
          We affirm the judgment of the trial court.
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel Consists of Justices Nuchia, Keyes, and Bland.