NO. 07-07-0505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2008

______________________________

DON BROOKS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82666; HONORABLE CHARLES D. CARVER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Don Brooks, Jr., acting pro se, filed a document with this Court on December 27, 2007, entitled “Petition for Acquittal and Arrest of Judgment Review,” which, as we read the document, raises issues regarding the merits of his conviction and sentencing in cause number 82666.
(footnote: 1)  We dismiss for want of jurisdiction.

This Court’s appellate jurisdiction is generally limited to cases appealed from trial courts within our district.  
Tex. Gov’t Code Ann
. § 22.201 (Vernon 2004).  We can identify no basis for jurisdiction over appellant’s appeal.  Appellant acknowledges that his appeal in cause number 82666 is pending before the Ninth District Court of Appeals.

Appellant’s petition filed in this Court refers to Rule 17.1 of the Texas Rules of Appellate Procedure, which addresses instances in which a court of appeals is unable to take immediate action, and Rule 17.2, which provides for action by “the nearest court of appeals that is able to take immediate action.”  
Tex. R. App. P.
 17.1, 17.2.  Appellant appears to contend that the rule has application here.  Based on the statements in appellant’s petition, we disagree that Rule 17 has application in the circumstances described.  In addition, appellant provides no explanation how, given the great distance between Beaumont and Amarillo, this Court could be considered the nearest available court of appeals.

Further, we take judicial notice that a case search of the Ninth District Court of Appeals’s website reveals that an appeal of the trial court cause number referenced in appellant’s petition is currently pending before that Court.

For these reasons, we conclude that we lack jurisdiction over appellant’s attempted appeal.  Accordingly, it is dismissed.

Mackey K. Hancock

          Justice

Do not publish.  

 trial court granted summary judgment in favor of Bassinger, without specifying the grounds, and this appeal ensued.

On appeal, Clark raises a single issue with four sub-issues.  Specifically, Clark alleges the trial court erred in granting Bassinger’s motion for summary judgment because: (1) Chapter 95 creates a distinction between residential and commercial property owners, and Bassinger is not a property owner as defined in Chapter 95; (2) Chapter 95 does not apply to the facts of this case; (3) common law premises liability applies to the facts of this case; and (4) even if Chapter 95 is found to be applicable, a fact issue was presented to the trial court which precluded granting of summary judgment. 

We review a summary judgment 
de novo
 to determine whether a party’s right to prevail is established as a matter of law.  
Nixon v. Mr. Property Mgmt. Co.
, 690 S.W.2d 546, 548-49 (Tex. 1985).  A trial court should grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  T
EX
. R. C
IV
. P. 166a(c); 
Lear Siegler, Inc. v. Perez
, 819 S.W.2d 470, 471 (Tex. 1991).  A trial court properly grants summary judgment in favor of a defendant if the defendant conclusively establishes all elements of an affirmative defense or conclusively negates at least one element of the plaintiff’s claim.
  American Tobacco Company, Inc. v. Grinnell
, 951 S.W.2d 420, 425 (Tex. 1997).  

Reviewing a no-evidence summary judgment, we apply the legal sufficiency standard applicable to the review of a directed verdict.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003).  Because the trial court’s order does not specify the ground or grounds on which the summary judgment is granted, we affirm if any of the theories advanced in either summary judgment motion are meritorious. 
Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); 
State Farm Fire & Casualty Co. v. S.S.
, 858 S.W.2d 374, 380 (Tex. 1993).

In his first sub-issue, Clark contends that Bassinger does not fit Chapter 95's definition of “property owner” because it was constructing a residence on the property  which, therefore, was not “primarily used for commercial or business purposes.”  T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 §95.001(3).  Bassinger argues the issue was not presented to the trial court, and our review of the summary judgment record confirms the correctness of Bassinger’s argument.  We may not address the unpreserved issue on appeal.  T
EX
. R. C
IV
. P. 166a(c); 
City of Houston v. Clear Creek Basin Authority
, 589 S.W.2d 671, 677 (Tex. 1979) (“both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the [summary judgment] hearing”).  Clark’s first sub-issue on appeal is overruled.

In his second sub-issue, Clark contends Chapter 95 is not applicable to the facts of this case.  He cites the holding in 
Fisher v. Lee and Chang Partnership
, 16 S.W.3d 198 (Tex. App.–Houston [1
st
 Dist.] 2000, pet. denied), that sections 95.002 and 95.003, read together, “provide protection from liability if the injury arose from the contractor’s work on an improvement to real property.”  
Id
. at 201.  Further emphasizing the legislative history discussed in 
Fisher
, 
Clark argues his injury was unrelated to his plumbing work.
  See Fisher
, 16 S.W.3d at 201-02 (providing legislative history).  Clark points out he had no responsibility for the installation of skylights.  

In 
Fisher
, the injured plaintiff was an employee of a contractor hired to work on roof-mounted air conditioning units.  He fell from a ladder he used to reach the roof to perform repairs on the air conditioning units.  Rejecting his argument that Chapter 95 would apply only if he had been injured by the very improvement he worked on, i.e., the air conditioner, the court held the statute does not require that the defective condition causing injury be the object of the contractor’s work.  
Id
. at 201. 

Section 95.002 provides the statute pertains to a personal injury “that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates or modifies the improvement.”  Section 95.003 provides a property owner is not liable for “injury . . . arising from the failure to provide a safe workplace” unless the requirements of that section are met.  T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 §95.003 (providing the requirements of control and actual knowledge on the part of the property owner).  Clark was engaged in the construction of an improvement to real property.  His duties required him to work on the roof.  As in 
Fisher
, although the covered skylight opening was not the object of Clark’s work, it was an unsafe part of his workplace and his injury arose from the failure to provide him a safe workplace.   The circumstances of Clark’s injury, therefore, come within the reach of Chapter 95.  
Phillips v. The Dow Chem. Co.
, No. 01-03-0107-CV, 2005 WL 3180044, *7 (Tex.App.–Houston [1
st
 Dist.] November 30, 2005, no pet.); 
Francis v. Coastal Oil & Gas Corp.
, 130 S.W.3d 76, 83 (Tex.App.–Houston [1
st
 Dist.] 2003, no pet.);
 Fisher
, 16 S.W.3d at 201
.  
Clark’s second sub-issue on appeal is overruled.   

In his third sub-issue on appeal, Clark argues that common law premises liability, not Chapter 95, applies to this case.  Citing 
Coastal Marine Service of Texas, Inc. v. Lawrence
, 988 S.W.2d 223, 225 (Tex. 1999), he notes the distinction drawn in premises liability case law between defects existing on the premises at the time an independent contractor enters and those created by the work activity of the independent contractor.  Clark contends the Legislature intended Chapter 95 to apply only to the second category of premises defect, those created by the work activity of the injured employee or his independent contractor employer.  Clark’s contention is not supported by the plain language of section 95.002(2), which states the statute applies to a claim that arises from the condition or use of an improvement.  Absent from that language is any distinction based on the date a premises defect is created.  
Kelly v. LIN Television of Texas, L.P.
, 27 S.W.3d 564, 570 (Tex.App.–Eastland 2000, pet. denied).  We find no authority adopting Clark’s interpretation of the statute and decline to do so here.  As we have concluded in response to Clark’s second sub-issue, Chapter 95 applies to this case.
(footnote: 3)  Clark’s third sub-issue on appeal is overruled.

In his fourth sub-issue, Clark argues that even if Chapter 95 applies, a fact issue was presented to the trial court which precluded summary judgment.  A plaintiff meets the requirements of Chapter 95 by showing (1) the property owner exercised or retained some control over the manner in which the work was performed, and (2) the property owner had actual knowledge of the danger or condition resulting in the injury and failed to adequately warn.  T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 §95.003.  These are two independent and necessary conditions to the imposition of liability.  
Dyall
, 152 S.W.3d at 699.  The owner may be aware of the danger but exercise no control, or he may exercise control and have no actual knowledge of the danger; in either instance, the owner is statutorily shielded from liability.  
Id
.  

Clark points to summary judgment evidence he contends raises a fact issue concerning the exercise of control by Bassinger.  First, Clark alleges Bassinger exercised control by requesting that tar paper be put on the roof in order to prevent damage occurring from rain.  Clark also states “Bassinger controlled the right to order the installation of the tar paper, the right to order the plumbing work to commence before the roofers had cut out the tar paper and installed skylights, and to provide an adequate warning that the skylight hole had been covered over.”  Clark also attempts to show Bassinger’s “control” by indicating Bassinger “was able to control which contractors could be on the job at certain time periods, to inspect the workman like 
manner of the trade, to control which contractors would perform the work, and also allowed the materials to be charged to his personal account.”  Clark further indicates Bassinger “furnished copies of the plans to subcontractors to insure the subcontractors performed their duties in accordance with his specifications. Furthermore, Bassinger supervised the workplace to insure satisfactory work performance, the quality of work, and would drive by and check the sight (
sic
) on a daily basis.” 

Chapter 95, however, speaks of “control over the manner in which the work is performed,”  T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 § 95.003(1), and excludes an owner’s right “to order the work to start or stop or to inspect progress or receive reports.” 
 Kelly
, 27 S.W.3d at 571.  Considering all of Clark’s proposed examples of evidence of control, we find none that reasonably can be characterized as control over the manner in which the work of subcontractors was performed.  T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 § 95.003; 
Dyall
, 152 S.W.3d at 707.  Because evidence of Bassinger’s control over the manner in which the work was performed is an independent and necessary condition to the imposition of liability, 
Dyall
, 152 S.W.3d at 699, its absence requires our overruling of Clark’s fourth sub-issue.  Consideration of Clark’s arguments concerning Bassinger’s actual knowledge of the danger 

or condition is thus unnecessary. We overrule Clark’s fourth sub-issue on appeal.  The judgment of the trial court is affirmed.    

James T. Campbell

        Justice

FOOTNOTES
1: Appellant fails to identify the court that issued the judgment from which he is seeking appeal.  However, a case search of the Ninth District Court of Appeals’s website  identifies that the judgment in cause number 82666 was rendered by the Criminal District Court.

3: