NO. 07-03-0291-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 31, 2006


 ______________________________


 

KENNETH CLARK, APPELLANT



V.



RON BASSINGER, INC., APPELLEE


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-516,906; HONORABLE J. BLAIR CHERRY, JR., JUDGE


_______________________________




Before QUINN, C.J. and CAMPBELL, J. (1)

MEMORANDUM OPINION


 This is an appeal from a summary judgment in favor of appellee, Ron Bassinger,
Inc. ("Bassinger"). We will affirm.

 Bassinger was constructing, as general contractor, a residence on a lot owned by
Bassinger. Appellant Kenneth Clark was an employee of the independent plumbing
contractor on the project. While Clark was working on the roof of the home under
construction, he fell through a skylight opening that had been covered with tar paper by the
roofing contractor. (2) 

 Clark sued Bassinger and alleged Bassinger's negligence in failing to provide a safe
workplace was the proximate cause of his damages. Bassinger denied liability and filed a
single traditional and no-evidence motion for summary judgment based on Chapter 95 of
the Texas Civil Practice and Remedies Code ("Chapter 95"). The trial court granted
summary judgment in favor of Bassinger, without specifying the grounds, and this appeal
ensued.

 On appeal, Clark raises a single issue with four sub-issues. Specifically, Clark
alleges the trial court erred in granting Bassinger's motion for summary judgment because:
(1) Chapter 95 creates a distinction between residential and commercial property owners,
and Bassinger is not a property owner as defined in Chapter 95; (2) Chapter 95 does not
apply to the facts of this case; (3) common law premises liability applies to the facts of this
case; and (4) even if Chapter 95 is found to be applicable, a fact issue was presented to the
trial court which precluded granting of summary judgment. 

 We review a summary judgment de novo to determine whether a party's right to
prevail is established as a matter of law. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985). A trial court should grant a traditional motion for summary judgment
if the moving party establishes that no genuine issue of material fact exists and the moving
party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); Lear Siegler, Inc.
v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). A trial court properly grants summary judgment
in favor of a defendant if the defendant conclusively establishes all elements of an
affirmative defense or conclusively negates at least one element of the plaintiff's claim. 
American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 

 Reviewing a no-evidence summary judgment, we apply the legal sufficiency standard
applicable to the review of a directed verdict. King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003). Because the trial court's order does not specify the ground or
grounds on which the summary judgment is granted, we affirm if any of the theories
advanced in either summary judgment motion are meritorious. Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001) (per curiam); State Farm Fire & Casualty Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993).

 In his first sub-issue, Clark contends that Bassinger does not fit Chapter 95's
definition of "property owner" because it was constructing a residence on the property 
which, therefore, was not "primarily used for commercial or business purposes." TEX. CIV.
PRAC. & REM. CODE §95.001(3). Bassinger argues the issue was not presented to the trial
court, and our review of the summary judgment record confirms the correctness of
Bassinger's argument. We may not address the unpreserved issue on appeal. TEX. R. CIV.
P. 166a(c); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 677 (Tex.
1979) ("both the reasons for the summary judgment and the objections to it must be in
writing and before the trial judge at the [summary judgment] hearing"). Clark's first sub-issue on appeal is overruled.

 In his second sub-issue, Clark contends Chapter 95 is not applicable to the facts of
this case. He cites the holding in Fisher v. Lee and Chang Partnership, 16 S.W.3d 198
(Tex. App.-Houston [1st Dist.] 2000, pet. denied), that sections 95.002 and 95.003, read
together, "provide protection from liability if the injury arose from the contractor's work on
an improvement to real property." Id. at 201. Further emphasizing the legislative history
discussed in Fisher, Clark argues his injury was unrelated to his plumbing work. See
Fisher, 16 S.W.3d at 201-02 (providing legislative history). Clark points out he had no
responsibility for the installation of skylights. 

 In Fisher, the injured plaintiff was an employee of a contractor hired to work on roof-mounted air conditioning units. He fell from a ladder he used to reach the roof to perform
repairs on the air conditioning units. Rejecting his argument that Chapter 95 would apply
only if he had been injured by the very improvement he worked on, i.e., the air conditioner,
the court held the statute does not require that the defective condition causing injury be the
object of the contractor's work. Id. at 201. 

 Section 95.002 provides the statute pertains to a personal injury "that arises from the
condition or use of an improvement to real property where the contractor or subcontractor
constructs, repairs, renovates or modifies the improvement." Section 95.003 provides a
property owner is not liable for "injury . . . arising from the failure to provide a safe
workplace" unless the requirements of that section are met. TEX. CIV. PRAC. & REM. CODE
§95.003 (providing the requirements of control and actual knowledge on the part of the
property owner). Clark was engaged in the construction of an improvement to real property. 
His duties required him to work on the roof. As in Fisher, although the covered skylight
opening was not the object of Clark's work, it was an unsafe part of his workplace and his
injury arose from the failure to provide him a safe workplace. The circumstances of Clark's
injury, therefore, come within the reach of Chapter 95. Phillips v. The Dow Chem. Co., No.
01-03-0107-CV, 2005 WL 3180044, *7 (Tex.App.-Houston [1st Dist.] November 30, 2005,
no pet.); Francis v. Coastal Oil & Gas Corp., 130 S.W.3d 76, 83 (Tex.App.-Houston [1st
Dist.] 2003, no pet.); Fisher, 16 S.W.3d at 201. Clark's second sub-issue on appeal is
overruled. 

 In his third sub-issue on appeal, Clark argues that common law premises liability, not
Chapter 95, applies to this case. Citing Coastal Marine Service of Texas, Inc. v. Lawrence,
988 S.W.2d 223, 225 (Tex. 1999), he notes the distinction drawn in premises liability case
law between defects existing on the premises at the time an independent contractor enters
and those created by the work activity of the independent contractor. Clark contends the
Legislature intended Chapter 95 to apply only to the second category of premises defect,
those created by the work activity of the injured employee or his independent contractor
employer. Clark's contention is not supported by the plain language of section 95.002(2),
which states the statute applies to a claim that arises from the condition or use of an
improvement. Absent from that language is any distinction based on the date a premises
defect is created. Kelly v. LIN Television of Texas, L.P., 27 S.W.3d 564, 570
(Tex.App.-Eastland 2000, pet. denied). We find no authority adopting Clark's interpretation
of the statute and decline to do so here. As we have concluded in response to Clark's
second sub-issue, Chapter 95 applies to this case. (3) Clark's third sub-issue on appeal is
overruled.

 In his fourth sub-issue, Clark argues that even if Chapter 95 applies, a fact issue was
presented to the trial court which precluded summary judgment. A plaintiff meets the
requirements of Chapter 95 by showing (1) the property owner exercised or retained some
control over the manner in which the work was performed, and (2) the property owner had
actual knowledge of the danger or condition resulting in the injury and failed to adequately
warn. TEX. CIV. PRAC. & REM. CODE §95.003. These are two independent and necessary
conditions to the imposition of liability. Dyall, 152 S.W.3d at 699. The owner may be aware
of the danger but exercise no control, or he may exercise control and have no actual
knowledge of the danger; in either instance, the owner is statutorily shielded from liability. 
Id. 

 Clark points to summary judgment evidence he contends raises a fact issue
concerning the exercise of control by Bassinger. First, Clark alleges Bassinger exercised
control by requesting that tar paper be put on the roof in order to prevent damage occurring
from rain. Clark also states "Bassinger controlled the right to order the installation of the tar
paper, the right to order the plumbing work to commence before the roofers had cut out the
tar paper and installed skylights, and to provide an adequate warning that the skylight hole
had been covered over." Clark also attempts to show Bassinger's "control" by indicating
Bassinger "was able to control which contractors could be on the job at certain time periods,
to inspect the workman like manner of the trade, to control which contractors would perform
the work, and also allowed the materials to be charged to his personal account." Clark
further indicates Bassinger "furnished copies of the plans to subcontractors to insure the
subcontractors performed their duties in accordance with his specifications. Furthermore,
Bassinger supervised the workplace to insure satisfactory work performance, the quality of
work, and would drive by and check the sight (sic) on a daily basis." 

 Chapter 95, however, speaks of "control over the manner in which the work is
performed," TEX. CIV. PRAC. & REM. CODE § 95.003(1), and excludes an owner's right "to
order the work to start or stop or to inspect progress or receive reports." Kelly, 27 S.W.3d
at 571. Considering all of Clark's proposed examples of evidence of control, we find none
that reasonably can be characterized as control over the manner in which the work of
subcontractors was performed. TEX. CIV. PRAC. & REM. CODE § 95.003; Dyall, 152 S.W.3d
at 707. Because evidence of Bassinger's control over the manner in which the work was
performed is an independent and necessary condition to the imposition of liability, Dyall,
152 S.W.3d at 699, its absence requires our overruling of Clark's fourth sub-issue. 
Consideration of Clark's arguments concerning Bassinger's actual knowledge of the danger 


or condition is thus unnecessary. We overrule Clark's fourth sub-issue on appeal. The
judgment of the trial court is affirmed. 


 James T. Campbell

 Justice








1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. 
He did not participate in the decision. Tex. R. App. P. 41.1(b). 
2. Clark's affidavit said he was on the roof to complete the flashing around the
plumbing fixtures. He claimed the skylight opening was unmarked. The roofer's deposition
indicated the skylight was marked by orange simplexes (nails fitted with a circular plastic
cap) which nailed down the tar paper around the perimeter of the skylight opening. These
same simplexes were used to nail down the tar paper across the entire roof. 
3. A property owner is entitled to the defense provided by Chapter 95 for claims "for
damages caused by negligence." TEX. CIV. PRAC. & REM. CODE §95.001(1). Premises
liability is a special form of negligence where the duty owed to the plaintiff depends upon
the status of the plaintiff at the time the incident occurred. Western Investments, Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005). Cf. Dyall v. Simpson Pasadena Paper Co., 152
S.W.3d 688, 710 (Tex.App.-Houston [14th Dist.] 2004, pet. filed) ("no distinction" made
under Chapter 95 for negligence claims arising under common law). 


upport of the defense through a motion
in limine prior to trial, Mega Life was on notice that the factual basis of its defense was, in
fact, disputed. When Myers put evidence on at trial regarding Mega Life's knowledge of
Long's pre-application medical condition in October 2003, Myers raised a fact issue
requiring an instruction.

 In fact, had Myers not requested the instruction, Mega Life's failure to do so would
have constituted a waiver of the defense. See Paramount Nat. Life Ins. v. Williams, 772
S.W.2d 255, 265 (Tex.App.-Houston [14th Dist.] 1989, writ denied). See also Rao v.
Rodriguez, 923 S.W.2d 176, 180 (Tex.App.-Beaumont 1996, no writ). Where a party
bears the burden of proof on an affirmative defense such as misrepresentation, that party
is responsible to see that all essential elements of his or her cause of action are submitted
to the jury or the ground of recovery is waived. See Schwiff v. Priest, 650 S.W.2d 894, 901
(Tex.App.-San Antonio 1983, writ ref'd n.r.e.). 

 Contrary to Mega Life's assertion, Myers was not required to raise the issue of
untimely notice through a pleading in order for a fact issue to exist. By virtue of her answer
and general denial, Myers was entitled to introduce evidence to disprove the timeliness of
Mega Life's notice and to rebut evidence offered by Mega Life. See Moulton v. Alamo
Ambulance Service, Inc., 414 S.W.2d 444, 448 (Tex. 1967). See also 71 Tex.Jur. 3d Trial
and ADR § 268 (2002). Myers's answer merely sought to defend against Mega Life's
counterclaim by denying the misrepresentation defense, not by seeking to establish an
independent reason why Mega Life's counterclaim should fail. Texas Beef Cattle Co. v.
Green, 921 S.W.2d 203, 212 (Tex. 1996). As such, Myers's general denial was sufficient
to put the timeliness of Mega Life's notice at issue. Tex. R. Civ. P. 92; Shell Chem. Co. v.
Lamb, 493 S.W.2d 742, 744 (Tex. 1973). 

 Mega Life's contention that its evidence proved proper notice of rescission as a
matter of law is equally unavailing. In support, Mega Life contends the 91 day period under
§ 705.005 of the Texas Insurance Code does not begin to run until the insurer discovers
the falsity of the representation and determines the misrepresentations are material. The
statute contains no such pre-condition to the running of the 91 day period and we will not
create one. Moreover, Mega Life's reliance on Koral Industries is misplaced. Consistent
with our finding here, the Koral court stated "[i]n order to establish that the statutory notice
was given within a reasonable time, the record must show when the insurer discovered the
misrepresentations. [citations omitted]." 788 S.W.2d at 148. When the Koral court later
stated "[t]he issue concerns when [the insurer] discovered those misrepresentations that
were material to the risk and allegedly relied upon by [the insurer];" the court was merely
underscoring the point that the 91 day period does not begin to run on the discovery of any
misrepresentation, but upon discovery of those representations that are material to a
coverage determination. Id. at 149-50. Issue one is sustained.

Conclusion


 Our disposition of Meyers's first issue pretermits consideration of her remaining
issues. Tex. R. App. P. 47.1. Accordingly, the trial court's judgment is reversed and the
cause is remanded for further proceedings.


 Patrick A. Pirtle

 Justice 

 

1. Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (Vernon 2002 & Supp. 2007).
2. If Mega Life received sufficient information on October 14, 2003, to discover the
falsity of Long's representations in the application, notice of rescission would have been
due on or before January 13, 2004, to meet statutory requirements. Mega Life asserts
timely notice of rescission was given on March 19, 2004, when Mega Life filed its First
Amended Original Answer and asserted rescission due to material misrepresentations as
an affirmative defense. The misrepresentations relied upon by Mega Life were later
asserted as a part of a counterclaim. 
3. Koral Industries is of no assistance to Mega Life. In Koral Industries, the court
"combed the record" for any indication of a disputed factual issue, but found none. 788
S.W.2d at 149. Neither had appellant given the court "any citation to the record pointing
out any conflict regarding the statutory notice." Id. Both are present here.