NO. 07-07-0428-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 19, 2007



______________________________




In re ROCKY WADE SMITH,



 Relator


_______________________________



On Original Proceeding For Writ Of Mandamus


_______________________________


 


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before this court is the application of Rocky Wade Smith for a writ of
mandamus. He requests that we order the "Cottle County District Court Judge to perform
his ministerial duties . . . and credit [him] with all time served against his sentence for time
spent in custody under said cause, . . . ." We deny the application for the reasons which
follow. 

 First, rules of procedure obligate one seeking mandamus relief to accompany his
petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other
things, a certified or sworn copy of the document showing the matter complained of. In this
case, the document showing the matter complained of would be Smith's request to the trial
court asking for jail credit while his charge was pending. No such document appears in
Smith's appendix. And, that Smith may be acting pro se does not relieve him of complying
with the rules of procedure. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.-Amarillo
1998, pet. denied).

 Second, nothing of record indicates that Smith's request for credit for time served
during the pendency of his case was ever brought to the attention of the district court. 
Simply put, before mandamus relief may issue, the petitioner must establish that the district
court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the
act, and 3) failed or refused to do it. O'Connor v. First Court of Appeals, 837 S.W.2d 94,
97 (Tex. 1992); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig.
proceeding). Given this, it is encumbent upon Smith to illustrate that the district court
received and was aware of his request. This is so because a court cannot be faulted for
doing nothing when it is or was unaware of the need to act. Here, the record fails to show
that Smith had made a request to the trial court regarding this jail time credit. Whether the
trial court was ever made aware of it is unknown. Lacking that information, we cannot
simply assume that the district court knew of its supposed duty to act and neglected to
perform it. Thus, Smith has not fulfilled his burden to illustrate that the trial court refused
to act. 

 Accordingly, the application for writ of mandamus pending before this court is
denied.

 Brian Quinn 

 Chief Justice 

 





 


, 118 S.W.3d
742, 751 (Tex. 2003). Because the trial court's order does not specify the ground or
grounds on which the summary judgment is granted, we affirm if any of the theories
advanced in either summary judgment motion are meritorious. Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001) (per curiam); State Farm Fire & Casualty Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993).

 In his first sub-issue, Clark contends that Bassinger does not fit Chapter 95's
definition of "property owner" because it was constructing a residence on the property 
which, therefore, was not "primarily used for commercial or business purposes." TEX. CIV.
PRAC. & REM. CODE §95.001(3). Bassinger argues the issue was not presented to the trial
court, and our review of the summary judgment record confirms the correctness of
Bassinger's argument. We may not address the unpreserved issue on appeal. TEX. R. CIV.
P. 166a(c); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 677 (Tex.
1979) ("both the reasons for the summary judgment and the objections to it must be in
writing and before the trial judge at the [summary judgment] hearing"). Clark's first sub-issue on appeal is overruled.

 In his second sub-issue, Clark contends Chapter 95 is not applicable to the facts of
this case. He cites the holding in Fisher v. Lee and Chang Partnership, 16 S.W.3d 198
(Tex. App.-Houston [1st Dist.] 2000, pet. denied), that sections 95.002 and 95.003, read
together, "provide protection from liability if the injury arose from the contractor's work on
an improvement to real property." Id. at 201. Further emphasizing the legislative history
discussed in Fisher, Clark argues his injury was unrelated to his plumbing work. See
Fisher, 16 S.W.3d at 201-02 (providing legislative history). Clark points out he had no
responsibility for the installation of skylights. 

 In Fisher, the injured plaintiff was an employee of a contractor hired to work on roof-mounted air conditioning units. He fell from a ladder he used to reach the roof to perform
repairs on the air conditioning units. Rejecting his argument that Chapter 95 would apply
only if he had been injured by the very improvement he worked on, i.e., the air conditioner,
the court held the statute does not require that the defective condition causing injury be the
object of the contractor's work. Id. at 201. 

 Section 95.002 provides the statute pertains to a personal injury "that arises from the
condition or use of an improvement to real property where the contractor or subcontractor
constructs, repairs, renovates or modifies the improvement." Section 95.003 provides a
property owner is not liable for "injury . . . arising from the failure to provide a safe
workplace" unless the requirements of that section are met. TEX. CIV. PRAC. & REM. CODE
§95.003 (providing the requirements of control and actual knowledge on the part of the
property owner). Clark was engaged in the construction of an improvement to real property. 
His duties required him to work on the roof. As in Fisher, although the covered skylight
opening was not the object of Clark's work, it was an unsafe part of his workplace and his
injury arose from the failure to provide him a safe workplace. The circumstances of Clark's
injury, therefore, come within the reach of Chapter 95. Phillips v. The Dow Chem. Co., No.
01-03-0107-CV, 2005 WL 3180044, *7 (Tex.App.-Houston [1st Dist.] November 30, 2005,
no pet.); Francis v. Coastal Oil & Gas Corp., 130 S.W.3d 76, 83 (Tex.App.-Houston [1st
Dist.] 2003, no pet.); Fisher, 16 S.W.3d at 201. Clark's second sub-issue on appeal is
overruled. 

 In his third sub-issue on appeal, Clark argues that common law premises liability, not
Chapter 95, applies to this case. Citing Coastal Marine Service of Texas, Inc. v. Lawrence,
988 S.W.2d 223, 225 (Tex. 1999), he notes the distinction drawn in premises liability case
law between defects existing on the premises at the time an independent contractor enters
and those created by the work activity of the independent contractor. Clark contends the
Legislature intended Chapter 95 to apply only to the second category of premises defect,
those created by the work activity of the injured employee or his independent contractor
employer. Clark's contention is not supported by the plain language of section 95.002(2),
which states the statute applies to a claim that arises from the condition or use of an
improvement. Absent from that language is any distinction based on the date a premises
defect is created. Kelly v. LIN Television of Texas, L.P., 27 S.W.3d 564, 570
(Tex.App.-Eastland 2000, pet. denied). We find no authority adopting Clark's interpretation
of the statute and decline to do so here. As we have concluded in response to Clark's
second sub-issue, Chapter 95 applies to this case. (3) Clark's third sub-issue on appeal is
overruled.

 In his fourth sub-issue, Clark argues that even if Chapter 95 applies, a fact issue was
presented to the trial court which precluded summary judgment. A plaintiff meets the
requirements of Chapter 95 by showing (1) the property owner exercised or retained some
control over the manner in which the work was performed, and (2) the property owner had
actual knowledge of the danger or condition resulting in the injury and failed to adequately
warn. TEX. CIV. PRAC. & REM. CODE §95.003. These are two independent and necessary
conditions to the imposition of liability. Dyall, 152 S.W.3d at 699. The owner may be aware
of the danger but exercise no control, or he may exercise control and have no actual
knowledge of the danger; in either instance, the owner is statutorily shielded from liability. 
Id. 

 Clark points to summary judgment evidence he contends raises a fact issue
concerning the exercise of control by Bassinger. First, Clark alleges Bassinger exercised
control by requesting that tar paper be put on the roof in order to prevent damage occurring
from rain. Clark also states "Bassinger controlled the right to order the installation of the tar
paper, the right to order the plumbing work to commence before the roofers had cut out the
tar paper and installed skylights, and to provide an adequate warning that the skylight hole
had been covered over." Clark also attempts to show Bassinger's "control" by indicating
Bassinger "was able to control which contractors could be on the job at certain time periods,
to inspect the workman like manner of the trade, to control which contractors would perform
the work, and also allowed the materials to be charged to his personal account." Clark
further indicates Bassinger "furnished copies of the plans to subcontractors to insure the
subcontractors performed their duties in accordance with his specifications. Furthermore,
Bassinger supervised the workplace to insure satisfactory work performance, the quality of
work, and would drive by and check the sight (sic) on a daily basis." 

 Chapter 95, however, speaks of "control over the manner in which the work is
performed," TEX. CIV. PRAC. & REM. CODE § 95.003(1), and excludes an owner's right "to
order the work to start or stop or to inspect progress or receive reports." Kelly, 27 S.W.3d
at 571. Considering all of Clark's proposed examples of evidence of control, we find none
that reasonably can be characterized as control over the manner in which the work of
subcontractors was performed. TEX. CIV. PRAC. & REM. CODE § 95.003; Dyall, 152 S.W.3d
at 707. Because evidence of Bassinger's control over the manner in which the work was
performed is an independent and necessary condition to the imposition of liability, Dyall,
152 S.W.3d at 699, its absence requires our overruling of Clark's fourth sub-issue. 
Consideration of Clark's arguments concerning Bassinger's actual knowledge of the danger 


or condition is thus unnecessary. We overrule Clark's fourth sub-issue on appeal. The
judgment of the trial court is affirmed. 


 James T. Campbell

 Justice








1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. 
He did not participate in the decision. Tex. R. App. P. 41.1(b). 
2. Clark's affidavit said he was on the roof to complete the flashing around the
plumbing fixtures. He claimed the skylight opening was unmarked. The roofer's deposition
indicated the skylight was marked by orange simplexes (nails fitted with a circular plastic
cap) which nailed down the tar paper around the perimeter of the skylight opening. These
same simplexes were used to nail down the tar paper across the entire roof. 
3. A property owner is entitled to the defense provided by Chapter 95 for claims "for
damages caused by negligence." TEX. CIV. PRAC. & REM. CODE §95.001(1). Premises
liability is a special form of negligence where the duty owed to the plaintiff depends upon
the status of the plaintiff at the time the incident occurred. Western Investments, Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005). Cf. Dyall v. Simpson Pasadena Paper Co., 152
S.W.3d 688, 710 (Tex.App.-Houston [14th Dist.] 2004, pet. filed) ("no distinction" made
under Chapter 95 for negligence claims arising under common law).