United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2005

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

————————————

m 04-20686
Summary Calendar

————————————

MICHAEL SPEARS AND ANGELA SPEARS,

Plaintiffs-Appellants,

VERSUS

CROWN CENTRAL PETROLEUM CORPORATION,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Texas
m 4:02-CV-3064

————————————

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

PER CURIAM:[*]

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Michael Spears was working for Phillip Service Corporation ("PSC"), a contractor performing "turnaround" maintenance at the refinery of Crown Central Petroleum ("Crown Central"). Spears was assigned to work on a heat exchanger in the fluid catalytic cracking ("FCC") unit of the refinery. After concluding his work on the heat exchanger, Spears began toting his tools to the PSC tool shed, located south of the FCC unit. He tripped on steel-

braided hoses lying across his path and was injured.

Spears and his wife sued Crown, alleging state law causes of action; jurisdiction is based on diversity of citizenship. Crown subsequently moved for summary judgment, claiming that, under chapter 95 of the Texas Civil Practice and Remedies Code, it cannot be liable for any injuries to Spears. The district court agreed.

## II.

Enacted in 1995, chapter 95 reflects just one aspect of the Texas legislature's recent so-called "tort reform" efforts. Generally, Texas law imposed a duty on premises owners to inspect their premises and warn invitees of dangers that are not open and obvious. *See Coastal Mar. Serv. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999). With the passage of chapter 95, however, that duty is abrogated in certain circumstances. According to the statute,

A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:

(1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and

(2) the property owner had actual knowledge of the danger or condi-

tion resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. REM. CODE § 95.003. Furthermore, the code clarifies,

This chapter applies only to a claim:

(1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and

(2) *that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.*

TEX. CIV. PRAC. REM. CODE § 95.002 (emphasis added). It is the italicized portion that is at issue in this case.

## III.

Spears contends that chapter 95 is not applicable here because his injury and claim did not arise from the condition or use of the improvement to real property on which he worked. He does not deny that the heat exchanger on which he was working is an improvement for statutory purposes. Nevertheless, he posits that his injury and claim arose from the hoses left on the pathway outside the FCC unit in which the "improvement" on which he was working was located. Consequently, goes the argument, his claim cannot have arisen from the "condition or use of" the improvement.

At first blush, Spears's argument is persuasive. Although Crown Central points to an abundance of Texas cases concluding that any injury relating to the work done on the premises is covered under chapter 95,[1] "relating to" is a much broader proposition than is "arising from the condition or use of the improvement."

This case is illustrative. The injury undoubtedly was related to the work Spears was doing, because it occurred while he was leaving his work site. Nevertheless, the alleged cause of the injury (*i.e.*, the hoses) was neither a condition nor a use of the heat exchanger, which was the improvement on which Spears worked. The district court acknowledged as much, noting that "the injury-producing defect, a hose stretched across a walkway, was not the object of [Spears'] toils."

None of this is to say, however, that the district court erred in concluding that chapter 95 shields Crown from liability. The Texas Supreme Court has yet to decide a case interpreting the language of chapter 95 and elucidating the extent of its limitations on premises liability. The intermediate Texas courts, on the other hand, have repeatedly concluded that claims such as Spears's are barred.

The best example is *Fisher*, on which the district court substantially relied. In *Fisher*, the court used legislative history to conclude that where a defect in a ladder used to reach an air conditioning unit that was the object of the plaintiff's work caused the injury, chapter 95 protected the premises owner. The ladder "provided appellant a means to reach his work site. It was not the object of his work. Nevertheless, appellant's injuries arose from 'the failure to provide a safe workplace.'" *Fisher*, 16 S.W. 3d at 202 (quoting TEX. CIV. PRAC. REM. CODE § 95.003).

In cases where federal jurisdiction is predicated solely on diversity, we are charged with making our best "*Erie* guess" and "determin[ing] as best as [we] can" what the Texas Supreme Court would decide were the question before it. *Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000). Where, as here, the state's highest civil court has yet to rule on the question, we look to the decisions of intermediate courts of appeals for guidance. *See id.* Those decisions represent "dat[a] for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.*

Given that the Texas intermediate courts of appeals have unanimously[2] construed chapter 95 broadly, to preclude liability in instances such as this, we must respect those decisions as the best, and only, indicator of how the Texas Supreme Court would rule. Consequently, summary judgment was appropriate.

---

[1] *See Francis v. Coastal Oil & Gas Corp.*, 130 S.W.3d 76, 83 (Tex. App.SSHouston [1st Dist.] 2002, pet. denied); *Admire v. H.E. Butt Grocery Co.*, No. 01-02-00060-CV, 2003 WL 203514, at *2 (Tex. App.SSHouston [1st Dist.] 2003, no pet.); *Fisher v. Lee Chang P'ship*, 16 S.W.3d 198, 202 (Tex. App.SSHouston [1st Dist.] 2000, pet. denied). Other courts, although not explicitly confronting the argument Spears makes here, have similarly dismissed claims despite the fact that the alleged cause of the worker's injury was not the object of his toil. *See, e.g.*, *Ashabranner v. Hydrochem Indus. Servs., Inc.*, No. 14-03-00762-CV, 2004 WL 613026 (Tex. App.SSHouston [14th Dist.] 2004, no pet.); *Wilson v. Patel*, No. 03-03-00275-CV, 2004 WL 579073, at *2 (Tex. App.SSAustin 2004, no pet.).

[2] *See* note 1, *supra*.

3

AFFIRMED.